# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY | PLAINTIFF |
| v. | CAUSE NO. 1:17CV243-LG-RHW |
| JACK BETHEA; MEMORIAL HOSPITAL AT GULFPORT; REVCLAIMS, LLC; HUMANA INSURANCE COMPANY; BOYINGTON HEALTH CARE FACILITY; MEDICARE & MEDICAID SERVICES/UNITED STATES OF AMERICA; and WOODLAND VILLAGE NURSING CENTER | DEFENDANTS |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is the Motion for Default Judgment [13] filed by the plaintiff GEICO General Insurance Company in this interpleader action. Having reviewed the Motion and supporting evidence, the record in this action, and the applicable law, the Court is of the opinion that the Motion should be granted.

## BACKGROUND

On September 26, 2015, Jack Bethea was seriously injured in a hit-and-run accident while walking on 2nd Street in Gulfport, Mississippi. At the time of the accident, Bethea had a GEICO insurance policy that provided $50,000 in uninsured/underinsured motorist insurance coverage. GEICO filed this interpleader action naming all of the individuals and entities that are believed to

have a claim to the insurance proceeds, including Bethea, Medicare & Medicaid Services, and Bethea's medical providers.

GEICO served a copy of its Complaint for Interpleader and Other Relief on Boyington Health Care Facility on August 8, 2017. To date, Boyington has not filed a responsive pleading and the time for doing so has expired. The Clerk entered default under Fed. R. Civ. P. 55(a) on October 20, 2017. GEICO has now filed its Motion for Default Judgment under Fed. R. Civ. P. 55(b)(2).

## DISCUSSION

Under Fed. R. Civ. P. 55(b)(2), a party may apply to the Court to enter a default judgment in an action where the defendant has failed to plead or otherwise defend, as in this action. In its Complaint, GEICO stated that some of the defendants have liens on the insurance proceeds, and that the liens exceed the amount of the insurance benefits. The Court finds that the Complaint allegations are well-pleaded and should be accepted as true. *See LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14cv39-KS-MTP, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014) ("By his default, a defendant admits the well-pleaded allegations of fact in the complaint.") The Court has also reviewed the exhibits attached to the Complaint, which establish that GEICO "is or may be exposed to double or multiple liability." *See Landrum v. Conseco Life Ins. Co.*, No. 2012 WL 2154351, at *1-2 (S.D. Miss. June 13, 2012) (explaining that a party seeking a default judgment in an interpleader action must demonstrate that it is exposed to double or multiple liability).

GEICO's Complaint sought to require the defendants to assert their respective claims to the policy benefits, and it asked the Court to enjoin or restrain the defendants from prosecuting a lawsuit against GEICO in an attempt to recover the benefits. "It has been repeatedly held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gulf Coast Galvanizing, Inc. v. Steel Sales, Co., Inc.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993). Thus, Boyington's failure to respond to the Complaint and assert a timely claim constitutes a waiver of any claim it may have had to the policy benefits. As a result, Boyington is not entitled to any portion of the uninsured motorist benefits at issue. Under these circumstances, an evidentiary hearing or oral argument is unnecessary before entering a default judgment in favor of GEICO. *See, e.g., SUA Ins. Co. v. Buras,* 421 F. App'x 384, 385 (5th Cir. 2011).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Default Judgment [13] filed by the plaintiff GEICO General Insurance Company is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Boyington Health Care Facility is not entitled to any portion of the uninsured motorist benefits at issue in this interpleader action. A separate default judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge